### IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:20-cr-0040 |
| ) | |
| CARLOS VÉLEZ-LÓPEZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### ORDER

**BEFORE THE COURT** is Defendant Carlos Vélez-López's Motion for Continuance of Trial currently scheduled for November 7, 2022. For the reasons stated herein, the Court will grant the motion to continue. The time to try this case is extended up to and including February 21, 2023.

On October 12, 2022, Defendant Carlos Vélez-López filed the instant motion seeking a continuance (ECF No. 103.) The motion avers the parties are currently in plea negotiations and "expect to reach a reasonable agreement." *Id.* However, Vélez-López states that the parties need 60 additional days to settle on the terms of the plea agreement. *Id.* Additionally, Defense Counsel has several commitments in other pending cases including a case before this Court titled: *United States v. Ruben Reyes*, Criminal Case No. 20-CR-049. *Id.*

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice to allow the parties time to finalize plea negotiations and to allow Defense Counsel time to adequately prepare for trial. The United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994) (finding that the district court had properly granted an "ends of justice" continuance to "permit plea negotiations to continue"); *United States v. Gutierrez*, 351 F. App'x 697, 699 (3d Cir. 2009) (upholding a continuance where "[p]lea negotiations were ongoing and . . . appeared to be progressing toward a nontrial disposition"); *see also*

*United States v. Dota*, 33 F.3d 1179 (9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *United States v. Clark*, 577 F.3d 273, 279 (5th Cir. 2009) (upholding, *inter alia*, a continuance granted because the trial date conflicted with a trial that the Government was prosecuting in another city for which continuity of counsel was "extremely important").

The premises considered, it is hereby

**ORDERED** Defendant Carlos Vélez-López's Motion for Continuance, ECF No. 103, is **GRANTED**; it is further

**ORDERED** that the time beginning from the date of this order granting an extension through February 21, 2023, **SHALL** be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161.

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than February 10, 2023, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than February 15, 2023;[1] and it is further

**ORDERED** that the Jury Selection and Trial in this matter **SHALL** commence promptly at 9:00 a.m. on February 21, 2023 in St. Thomas Courtroom 1.

**Dated:** October 14, 2022         /s/ *Robert A. Molloy*
                                    **ROBERT A. MOLLOY**
                                    **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Defense exhibits shall be labelled sequentially beginning with Defense Exhibit A.